UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORI EARLEY, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION |
| ) | FILE NO. _____ |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| ) | |
| RR DONNELLEY LOGISTICS ) | |
| SERVICES WORLDWIDE, INC., ) | |
| And RR DONNELLEY & SONS, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff Lori Earley ("Earley" or "Plaintiff") brings this Complaint against Defendants RR Donnelley Logistics Services Worldwide, Inc. and RR Donnelley & Sons ("Defendants") and sets forth the following claims:

### INTRODUCTION

1. Plaintiff was employed as an Account Manager within the Customer Service Department at her termination. She was employed by Defendants from February 1992 to July 13, 2016. Throughout her employment, Plaintiff received impressive performance evaluations.

2. During her employment, Plaintiff suffered from a painful and serious spinal condition that required medical treatment and multiple surgeries. Plaintiff's

condition constitutes a disability as defined by the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101 *et seq.*

3. On account of her spinal condition, Plaintiff was approved to take leave under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*. However, Defendants interfered with her leave and terminated her in retaliation for taking such FMLA leave.

4. Plaintiff also experienced disparate treatment as compared to her younger and black co-workers in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").

5. As a result of these events, Plaintiff asserts claims against Defendants for discrimination, failure to accommodate, and retaliation under the ADAAA, interference and retaliation under the FMLA, race discrimination under Title VII, and age discrimination under the ADEA.

6. Plaintiff seeks injunctive and declaratory relief, back pay and lost benefits, front pay or reinstatement to a full-time position with commensurate benefits, compensatory damages, punitive damages, liquidated damages, and attorneys' fees and costs of litigation.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

8. Venue is proper in this Court under 28 U.S.C. § 1391 as Defendants are domiciled in this District and have their principal corporate headquarters in this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff satisfied all administrative prerequisites to perfect her claims under Title VII, ADEA, and the ADAAA. Specifically, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the EEOC issued a notice of right to sue.

10. Plaintiff brings this suit within ninety (90) days of receipt of her notice of right to sue.

## THE PARTIES

11. Plaintiff is now, and was at all times relevant to this action, a resident of the State of Indiana.

12. Plaintiff is an "eligible employee" within the meaning of the FMLA in that she had been employed with Defendants for more than twelve months and

worked more than 1,250 hours in the twelve months preceding her requested FMLA leave.

13. Plaintiff, at all relevant times to this action, was an individual with a disability within the meaning of the ADA, 42 U.S.C. § 12102(1).

14. Plaintiff was a person with a disability because she had an actual physical impairment substantially limiting one or more major life activities, because she had a record of impairment, and because she was regarded as having an impairment.

15. Defendants are corporations doing business in Indiana and Illinois.

16. Each Defendant is a covered employer under Title VII and the ADAAA, as each employs more than 15 people, and under the ADEA as they employ more than 20 people.

17. Each Defendant is also a covered employer under the FMLA, as each had more than fifty employees within a seventy-five mile radius in each of twenty or more consecutive calendar weeks in the current or preceding year within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq*.

18. Each Defendant may be served with a summons and copy of the Complaint in this action by delivering process to RR Donnelley Logistics Services Worldwide, Inc., and RR Donnelley & Sons Company, c/o CT Corporation

System, 208 South LaSalle St, Suite 814, Chicago, Illinois, 60604.

## STATEMENT OF FACTS

19. Plaintiff is a 56-year old white woman.

20. Earley was continuously employed by Defendants from February 26, 1992 to July 13, 2016. Over the course of her nearly twenty-five year career, Earley has consistently been recognized as "meeting performance" or as a "high performer."

21. Earley had a serious medical condition, which required extensive surgery and medical leave during the third and fourth quarters of 2015.

22. During her company approved FMLA leave, Earley was contacted by her director, Wendy Tlanda on multiple occasions. Tlanda inquired about Earley's anticipated return to work date. She also instructed Earley to send medical certifications from her health care providers directly to Tlanda. Earley followed these instructions until the human resources department learned what was happening and put a stop to this.

23. Tlanda was under the age of 40.

24. Earley did not take more leave than the FMLA afforded her.

25. Within only a few weeks of her return to work following FMLA leave, Earley received a Counseling Form on January 18, 2016. Earley

mistakenly copied extra people on an email which was intended to be sent to a more limited group. This mistake is a common error which occurs frequently. This disciplinary action was retaliatory for Earley's absence from work for FMLA leave or having a disability requiring medical leave.

26. The campaign to drive Earley out continued unabated. Tlanda and Supervisor Julie Jenkins continued to target Earley. From the time she returned from medical leave, it seemed as if Earley – a nearly twenty-five year, fully successful employee – could do nothing right in the eyes of her supervisor and manager. The next step was a "Final Written Warning" on January 28, 2016, for working remotely – which Earley commonly did, with permission. Again, Earley was being unfairly criticized and singled out for discipline for minor transgressions. Within only several weeks of returning from FMLA leave, she had been subjected to oral counseling and a final written warning.

27. On July 13, 2016, Tlanda informed Earley that she was being separated from RR Donnelly. Earley was replaced with a much younger, African-American woman.

## COUNT ONE
### DISCRIMINATION AND FAILURE TO ACCOMMODATE
### IN VIOLATION OF THE ADAAA – ACTUAL DISABILITY

28. Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

29. Plaintiff is a qualified individual with a disability. Plaintiff's disability substantially limited one or more major life activities.

30. Nevertheless, Plaintiff was able to perform the essential functions of her job.

31. Plaintiff requested a reasonable accommodation from Defendants relating to her disability: that she be permitted to take medical leave.

32. Defendants denied Plaintiff the reasonable accommodation that she requested by terminating her employment.

33. Defendants' termination of Plaintiff is a denial of Plaintiff's requested accommodation.

34. Defendants' termination of Plaintiff was an intentional and willful violation of the ADAAA in violation of Plaintiff's rights thereunder.

35. Plaintiff is entitled to an award of lost wages, compensatory and punitive damages, attorneys' fees and costs, and other relief available under the ADAAA and all federal statutes providing remedies for violations of the ADAAA.

7

## COUNT TWO
### DISCRIMINATION IN VIOLATION OF THE ADAAA – REGARDED AS DISABLED

36. Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

37. Defendants terminated Plaintiff because it regarded her as being disabled.

38. Defendants' termination of Plaintiff was an intentional and willful violation of the ADAAA in violation of Plaintiff's rights thereunder.

39. Plaintiff is entitled to an award of lost wages, compensatory and punitive damages, attorneys' fees and costs, and other relief available under the ADAAA and all federal statutes providing remedies for violations of the ADAAA.

## COUNT THREE
### RETALIATION IN VIOLATION OF THE ADAAA

40. Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

41. Plaintiff was a qualified individual with a disability, having suffered from a serious and painful spinal condition.

42. Plaintiff's disability substantially limited one or more of her major life activities.

8

43. Plaintiff was able to perform the essential functions of her job with Defendants.

44. Plaintiff requested a reasonable accommodation from Defendants relating to her disability: that she be permitted to take medical leave for a corrective surgery.

45. Plaintiff's request for a reasonable accommodation constitutes protected conduct under the ADAAA.

46. Defendants terminated Plaintiff in retaliation for her protected conduct of requesting a reasonable accommodation under the ADAAA.

47. Plaintiff's request of an accommodation constitutes protected conduct under the ADAAA.

48. Defendants terminated Plaintiff in retaliation for her protected conduct under the ADAAA.

49. Defendants' termination of Plaintiff was an intentional and willful violation of the ADAAA in violation of Plaintiff's rights thereunder.

50. Plaintiff is entitled to an award of lost wages, compensatory and punitive damages, attorneys' fees and costs, and other relief available under the ADAAA and all federal statutes providing remedies for violations of the ADAAA.

**COUNT FOUR**
**INTERFERENCE IN VIOLATION OF THE FMLA**

51. Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

52. Plaintiff was an eligible employee with a serious health condition as that term is defined by the FMLA and accompanying regulations, specifically 29 U.S.C. § 2611(11) and 29 C.F.R. § 825.113.

53. Defendants interfered with Plaintiff's FMLA rights by, among other things, terminating Plaintiff's employment despite the existence of a valid reason for her leave.

54. Defendants' actions in interfering with Plaintiff's FMLA leave were committed with reckless disregard for her right to take up to twelve work weeks of leave time for a serious health condition and in violation of the FMLA, 29 U.S.C. § 2615(a)(1).

55. The effect of Defendants' FMLA interference has been to deprive Plaintiff of her position as Account Manager, wages, health insurance, and prospective retirement benefits.

56. Plaintiff is entitled to both equitable and monetary relief for the Defendants' violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B), including back pay, front pay or reinstatement, attorney's fees and costs of litigation, and liquidated damages.

## COUNT FIVE
### RETALIATION IN VIOLATION OF THE FMLA

57. Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

58. Plaintiff was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11) and 29 C.F.R. § 825.113.

59. Defendants intentionally discriminated against Plaintiff by terminating her in retaliation for her exercise of FMLA rights.

60. Defendants' actions in retaliation for Plaintiff's exercise of her rights under the FMLA were committed with reckless disregard for her right to be free from discriminatory treatment for exercising her rights under the FMLA, specifically 29 U.S.C. § 2615(a)(1)(2).

61. The effect of Defendants' actions has been to deprive Plaintiff of a job, as well as income in the form of wages, bonuses, health insurance, prospective retirement benefits, stock options, social security, and other benefits due her solely because of the exercise of her rights under the FMLA.

62. As a result, Plaintiff is entitled to both equitable and monetary relief for the Defendants' violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A)

and (B), including back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

63. Plaintiff is also entitled to liquidated damages for the Defendants' willful violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

## COUNT SIX
## TITLE VII RACE DISCRIMINATION

64. Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint.

65. Plaintiff is a member of a protected class.

66. Defendants discriminated against Plaintiff because of her race when it terminated her and replaced her with an African-American.

67. The race discrimination to which Plaintiff was subjected by Defendants is discriminatory and in violation of Title VII, thus entitling her to all appropriate relief provided under the statute.

68. Defendants' actions were willful, deliberate, and intended to cause Plaintiff harm and/or were committed with reckless disregard of the harm caused to Plaintiff, and were in derogation of her federally protected rights.

69. As a result of Defendants' conduct, Plaintiff suffered lost wages and benefits and has suffered mental and emotional distress.

70. Plaintiff was damaged by Defendants' actions in an amount to be proven at trial.

71. Plaintiff is entitled to the relief set forth in the prayer for relief below.

## COUNT SEVEN
### § 1981 RACE DISCRIMINATION

72. Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint.

73. Plaintiff is a member of a protected class.

74. Defendants discriminated against Plaintiff because of her race when it terminated her and replaced her with an African-American.

75. The race discrimination to which Plaintiff was subjected by Defendants is discriminatory and in violation of 42 U.S.C. § 1981, thus entitling her to all appropriate relief provided under the statute.

76. Defendants' actions were willful, deliberate, and intended to cause Plaintiff harm and/or were committed with reckless disregard of the harm caused to Plaintiff, and were in derogation of her federally protected rights.

77. As a result of Defendants' conduct, Plaintiff suffered lost wages and benefits and has suffered mental and emotional distress.

78. Plaintiff was damaged by Defendants' actions in an amount to be proven at trial.

79. Plaintiff is entitled to the relief set forth in the prayer for relief below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and that the following relief be granted:

A. That this Court take jurisdiction of this matter;

B. That process be served;

C. That Plaintiff be awarded a declaratory judgment that Defendants violated the ADAAA, Title VII, and the FMLA;

D. That this Court enter a permanent injunction, prohibiting Defendants from engaging in unlawful employment practices in violation of the ADAAA, Title VII, and the FMLA.

E. That the Court award Plaintiff back pay and all benefits, privileges, and rights previously denied;

F. That the Court order that Plaintiff be reinstated or, in the alternative, be awarded front pay;

G. That the Court award Plaintiff liquidated, compensatory, and punitive damages in an amount to be determined by the trier of fact;

H. That the Court award Plaintiff her costs in this action and reasonable attorneys' fees;

14

I. That the Court grant to Plaintiff the right to have a trial by jury on all issues triable to a jury; and

J. That the Court grant such additional relief as the Court deems proper and just.

Respectfully submitted this 2nd day of August, 2017.

*s/ Bethany Hilbert*
Bethany Hilbert
BARLOW, KOBATA & DENIS
525 W. Monroe Street, Suite 2360
Chicago, Illinois 60661
Telephone: (312) 648-5570
Email: bhilbert@bkd-law.com

C. Andrew Head
IL ARDC # 6318974 (*application for admission to general bar to be filed*)
HEAD LAW FIRM, LLC
4422 N. Ravenswood Ave.
Chicago, IL 60640
Tel: (312) 690-4699
Fax: (404)796-7388
Email: ahead@headlawfirm.com

*Local counsel for Plaintiff (LR 83.15)*

Eleanor M. Attwood
Georgia Bar No. 514014 (*application for admission pro hac vice to be filed*)
LEGARE ATTWOOD & WOLFE, LLC
400 Colony Square, Suite 1000
1201 Peachtree Street, NE
Atlanta, Georgia 30361

>Tel: (470) 823-4000
>Fax: (470) 201-1212
>Email: emattwood@law-llc.com

*Counsel for Plaintiff*